IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02096-BNB

JAMES K. CONKLETON,

Applicant,

v.

KEVIN MILYARD, Warden, Sterling Corr. Facility,
ARISTEDES ZAVARAS, Executive Director, Colo. Dept. of Corrections, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 17 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, James K. Conkleton, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Conkleton initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an order filed on October 6, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On November 12, 2008, Respondents filed their pre-answer response. On December 23, 2008, Mr. Conkleton filed a reply to the pre-answer response.

The Court must construe liberally the application and reply filed by Mr. Conkleton because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part for failure to exhaust state court remedies.

Mr. Conkleton was charged in El Paso County District Court case number 00CR3621 with five felony counts of sexual assault on a child, based on his prolonged sexual contact with his stepdaughter. Pursuant to a plea agreement, Mr. Conkleton entered a guilty plea to count one, which charged that he sexually assaulted his stepdaughter during July 1997, when she was less than fifteen years of age. The plea bargain stipulated that the sentencing statutes that were in force on November 1, 1998, would apply and, therefore, the trial court amended count one by interlineation to reflect a date of December 1998, rather than July 1997. The prosecution agreed to dismiss the remaining counts, to dismiss a misdemeanor violation of a restraining order case, and to forego charging Mr. Conkleton with additional sexual assault charges against his biological daughter. On March 19, 2001, the trial court sentenced Mr. Conkleton to an indeterminate sentence of ten years to life in the DOC. Mr. Conkleton did not appeal directly from the judgment of conviction.

On April 30, 2001, he filed *pro se* a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Civil Procedure, which the trial court denied on November 13, 2001. Mr. Conkleton did not appeal from the denial.

On April 16, 2002, he filed *pro se* a postconviction motion pursuant to Colo. R. Crim. P. 35(c), which the trial court denied, and Mr. Conkleton appealed. On June 10,

2004, the Colorado Court of Appeals remanded because the trial court had failed to make adequate findings concerning Mr. Conkleton's claims. *See People v. Conkleton*, No. 02CA1222 (Colo. Ct. App. June 10, 2004) (not published). On remand, the trial court held an evidentiary hearing, and on May 17, 2005, again denied the motion. Mr. Conkleton appealed, and on December 6, 2007, the Colorado Court of Appeals affirmed. *See People v. Conkleton*, No. 05CA1377 (Colo. Ct. App. Dec. 6, 2007) (not published). On April 7, 2008, the Colorado Supreme Court denied certiorari review. On September 29, 2008, Mr. Conkleton filed the instant action with the Court.

In the habeas corpus application, Mr. Conkleton asserts three claims for relief, the first of which has five subparts. These claims are as follows:

(1) Mr. Conkleton's trial counsel rendered ineffective assistance, which caused Mr. Conkleton to enter a guilty plea based upon counsel's misadvice and failure to investigate adequately, specifically:

    (a) counsel failed to obtain a private investigator;

    (b) counsel failed to explain the penalties as to each separate count, but rather spoke in terms of "position of trust," "the lifetime sentencing act," and "pattern of abuse";

    (c) counsel sent a letter to Mr. Conkleton setting out the indeterminate sentencing consequences of counts one, two, three, and five, but failed to explain the sentencing consequences of count four;

    (d) counsel failed to object to an amendment of the information as to the date of the offense to which Mr. Conkleton had agreed to plead guilty;

    (e) counsel did not present a psychological expert at the sentencing hearing, and instead, used money Mr. Conkleton had provided to retain this expert as part of counsel's fee; and

    (f) counsel did not argue at sentencing that someone other than Mr. Conkleton could have caused the pregnancy of Mr. Conkleton's daughter.

3

> (2) The amendment of Mr. Conkleton's information, which changed the date of the alleged offense from July 1997 to December 1998, violated due process.
>
> (3) Mr. Conkleton is being compelled in violation of his Fifth Amendment rights to admit his guilt of sexual assault because he was terminated from sex offender treatment for failure to admit his guilt and has not been allowed to re-enter the program, which effects his parole eligibility.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). However, Respondents contend that the application should be dismissed in part for failure to exhaust state remedies.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

4

to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Respondents concede that Mr. Conkleton raised his ineffective-assistance-of-counsel claim in the state courts, but argue that he did not include several of the factual bases he now raises in this Court, specifically in his appeal from the trial court's May 17, 2005, order denying postconviction relief pursuant to Colo. R. Crim. P. 35(c) after remand. Having reviewed the record before the Court, and particularly the opening brief in Mr. Conkleton's postconviction appeal after remand, this Court agrees. In his appeal from the trial court's May 17, 2005, order, Mr. Conkleton did not complain, as he does in claim (1)(a), that counsel failed adequately to investigate by neglecting to hire a private investigator. He also failed to assert claims that counsel should have presented

expert testimony of Dr. Steven Witty at his sentencing hearing in order to get a probationary sentence, as he alleges in claim (1)(e), or that counsel, to mitigate his culpability, should have argued that some other person could have caused his daughter's pregnancy, as he alleges in claim (1)(f).

Mr. Conkleton's second claim also does not appear to have been exhausted before the state courts. On appeal, counsel attempted to raise a claim concerning the amendment of Mr. Conkleton's information, although there was some dispute about whether this claim had been waived at Mr. Conkleton's evidentiary hearing. Nevertheless, counsel did not base the claim on a denial of due process or the violation of any federal constitutional right. No mention of the Due Process Clause or the United States Constitution was included in the discussion of this issue. Instead, the issue was raised as a reason for withdrawal of Mr. Conkleton's guilty plea. Therefore, Mr. Conkleton's second claim has not been exhausted.

Mr. Conkleton does not appear to have raised his third claim that he is being compelled to admit his guilt during sex offender treatment in the DOC and, therefore, his third claim also is unexhausted. Moreover, this claim is not appropriate in a 28 U.S.C. § 2254 action because Mr. Conkleton is attacking the execution of his sentence, not the validity of his conviction and sentence. See § 2254(a).

Although Mr. Conkleton failed to exhaust state court remedies for claims (1)(a), 1(e), 1(f), 2, and 3, the Court may not dismiss these claim for failure to exhaust state remedies if Mr. Conkleton no longer has an adequate and effective state remedy available to him. See Castille, 489 U.S. at 351. No further state court remedy exists

because a second Colo. R. Crim. P. 35(c) postconviction motion would be successive under Colo. R. Crim. P. 35(c)(3)(VI) and (VII) and time-barred under Colo. Rev. Stat. § 16-5-402. Therefore, Respondents argue, further attempts at exhaustion would be futile, and Mr. Conkleton's claims (1)(a), 1(e), 1(f), 2, and 3 are procedurally barred.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Conkleton's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Conkleton must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice,

Mr. Conkleton first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* Mr. Conkleton then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Conkleton fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, the Court finds that claims (1)(a), 1(e), 1(f), 2, and 3, which Mr. Conkleton failed to exhaust, are procedurally barred because Mr. Conkleton has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. Accordingly, it is

ORDERED that claims (1)(a), 1(e), 1(f), 2, and 3 are dismissed as procedurally barred. It is

FURTHER ORDERED that claims 1(b), 1(c), and 1(d) and the case are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 12 day of February, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02096-BNB

James K. Conkleton
Prisoner No. 108986
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**


    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/17/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk