IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02096-ZLW-CBS

JAMES K. CONKLETON,
    Applicant,
v.

KEVIN MILYARD, Warden, Sterling Corr. Facility,
ARISTEDES ZAVARAS, Executive Director, Colo. Dept. of Corrections, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,
    Respondents.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on "Applicant's Opposed Motion for a Copy of the Record on File Without Cost" (filed June 19, 2009) (doc. # 33).  Pursuant to the Order of Reference dated February 19, 2009 (doc. # 16) and the memorandum dated June 22, 2009 (doc. # 33), this matter was referred to the Magistrate Judge.  The court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Mr. Conkleton requests pursuant to 28 U.S.C. §§ 2254 and 2250 that the court provide him a copy of the state court records that were filed on April 21, 2009 at the court's request.  (*See* "text only entry" at doc. # 24).  Section 2250 permits the furnishing of "such documents or parts of the record as may be required by order of the judge before whom the application is pending."

    Mr. Conkleton filed his "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" ("Petition") on September 29, 2008.  (*See* doc. # 1).  Mr. Conkleton's

Petition challenges the state courts' denial of his Crim. P. 35(c) motion, wherein he alleged ineffective assistance of counsel. In the portion of the Petition that remains before the court, Mr. Conkleton claims that: (1) "counsel failed to explain the penalties as to each separate count, but rather spoke in terms of 'position of trust,' 'the lifetime sentencing act,' and 'pattern of abuse;'" (2) "counsel sent a letter to Mr. Conkleton setting out the indeterminate sentencing consequences of counts one, two, three, and five, but failed to explain the sentencing consequences of count four;" and (3) "counsel failed to object to an amendment of the information as to the date of the offense to which Mr. Conkleton had agreed to plead guilty." (*See* "Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge" (doc. # 14)).

There is no constitutional right to a free transcript on habeas for the purpose of searching for error. *Mitchell v. Roberts*, 804 F. Supp. 197, 200 (D. Kan. 1992). Further, a petitioner seeking collateral relief must do more than make bare allegations before a court is required to provide transcripts. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992).

The court determines that for several reasons Mr. Conkleton is not entitled to a free copy of the state court records. Mr. Conkleton has already been provided with numerous exhibits from the record, attached to Respondents' Pre-Answer Response and Answer. (*See* docs. # 7 through # 7-12; docs. # 20 through # 20-13). Respondents have not cited to the trial transcript in their Answer to the Petition. Mr. Conkleton's claims that counsel failed to explain the penalties as to each separate count, that the letter from counsel failed to explain the sentencing consequences of count four, and that counsel failed to explain the penalties and to object to an amendment of the information

involve communications between Mr. Conkleton and his counsel that do not require a free copy of the state court record.  Because Mr. Conkleton pled guilty to Sexual Assault on a Child by One in a Position of Trust, a Class 3 Felony, portions of the record are sealed and may not be provided to Mr. Conkleton. In sum, Mr. Conkleton has already fully stated and argued his claims. The court may review the record to determine whether Mr. Conkleton's claims are supported or contradicted.  As Mr. Conkleton has not clearly demonstrated a particularized need for the state court records to present his claims, his request for a free copy of the state court records is properly denied.

Accordingly, IT IS ORDERED that "Applicant's Opposed Motion for a Copy of the Record on File Without Cost" (filed June 19, 2009) (doc. # 33) is DENIED.[1]

DATED at Denver, Colorado, this 23rd day of June, 2009.

BY THE COURT:

 s/ Craig B. Shaffer
United States Magistrate Judge

---

[1] This is Mr. Conkleton's second request for a free copy of the state court records and the court's second denial of that request.  (*See* docs. # 28, # 29, and # 32). The court need not entertain further requests from Mr. Conkleton for the same relief.